UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| OMAHA STEAKS INTERNATIONAL, INC.,<br><br>   Plaintiff,<br><br>vs.<br><br>DISTRICT UNION LOCAL 293 UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION,<br><br>   Defendants. | Case No.<br><br>**COMPLAINT** |

**COMES NOW**, Plaintiff, Omaha Steaks International, Inc. and for its claim against District Union Local 293 United Food and Commercial Workers International Union, ("UFCW" or (Union") and brings this action under, and jurisdiction of the action is conferred on this Court by virtue of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA" or "Act") to enforce the terms of a Collective Bargaining Agreement ("CBA" or "Agreement") between the parties.

  1.  Plaintiff, Omaha Steaks International, Inc. ("Employer" or "Omaha Steaks"), is an employer within the meaning of Section 2(2) of the LMRA, as amended, as amended 29 U.S.C. § 152(2); and is a distributor of meat products across the United States, with a production and distribution facility in Omaha, Nebraska. Omaha Steaks is a Nebraska Corporation with its principal place of business in Omaha, Nebraska.

  2.  Defendant, District Union Local 293 United Food and Commercial Workers International Union ("Union" or "UFCW, Local 293"), is a labor organization as defined in Section 2(5) of the LMRA, as amended 29 U.S.C. § 152(5), with its principal office in Fremont, Nebraska, and is the collective bargaining representative for the Plaintiff's production employees at its Omaha, Nebraska facility.

3. This action is a suit to enforce a collective bargaining agreement precluding grievances and the arbitration of grievances between the Union and Employer, pursuant to 29 U.S.C. § 185 and for discipline due to employee violations of the Agreements' no-strike clause.

4. The Union and the Employer are parties to a written CBA governing the rates of pay, wages, hours of employment, and other terms and conditions of employment for employees covered by the Agreement at the Employer's Omaha, Nebraska facility.

5. The Agreement is effective by its terms for the period of July 7, 2017 through and including July 6, 2022. A true and correct copy of the Agreement is attached hereto as Exhibit "A" and is fully incorporated herein by reference.

6. Article 13 of the Agreement sets out the grievance and arbitration procedures for resolution of disputes between the Union and the Employer arising under the Agreement.

7. Article 9, Section 6(A) of the Agreement provides that the seniority of an employee shall be considered broken subject to the following: "voluntarily leaves the service of the employer or is discharged for good and just cause."

8. Article 15, Section 2 of the Agreement pertains to resort to the grievance procedure when a violation of the Agreement occurs. In this regard, the CBA states:

> *"Any employee engaged in an unauthorized strike or other curtailment of work, shall be subject to such discipline, including discharge, as the Company, in its sole discretion, may order and such employee shall not be entitled to recourse to the grievance procedure, except as to whether or not such employee participated in such strike or work curtailment. However, it shall not be a cause for discharge or disciplinary action if an employee shall decline to cross a picket line established by a legitimate labor organization."*

9. On or about August 14, 2018, the Employer initially discharged Maria G. Ceballos, Irene Hernandez, Kamila Martinez, Karen Bonda Alvarez and Alma G.

Hernandez for violating the CBA's no-strike clause. Said discharges were later converted by the Plaintiff Employer into an unpaid suspension.

10. On or about August 14, 2018, the Union filed individual grievances on behalf of each employee alleging that the Employer discharged them in violation of the Agreement. A true and correct copy of the grievances are attached hereto as Exhibit "B" and are fully incorporated herein by reference.

11. Since filing the grievance, the Union has refused to stop processing the grievance and insisted upon further processing and potential arbitration of the grievances in violation of the CBA.

12. The Company has complied with the CBA's terms regarding the arbitration of the grievance.

13. The Union's refusal to cease processing the grievance constitutes a breach of the CBA and is without legal or factual justification.

## PRAYER FOR RELIEF

For the foregoing reasons, Omaha Steaks International, Inc., respectfully requests that this Court:

1. Issue an Order requiring the Defendant Union to cease processing the grievance concerning the employee's discharge and subsequent suspensions;

2. Issue an Order awarding Plaintiff's costs of this action;

3. Issue an Order awarding Plaintiff's attorneys' fees; and

4. Grant such other and further relief the Court deems appropriate.

DATED this 26th day of September, 2018.

        OMAHA STEAKS INTERNATIONAL, INC., Plaintiff

BY:   */s/ Patrick J. Barrett*
      Patrick J. Barrett, #17246
      FRASER STRYKER PC LLO
      500 Energy Plaza
      409 South 17th Street
      Omaha, NE 68102-2663
      (402) 341-6000
      pbarrett@fraserstryker.com

1969918 v1